SECURITIES AND EXCHANGE COMMISSION, Applicant-Appellee,

v.

Benjamin SPRECHER,
Respondent-Appellant.

SECURITIES AND EXCHANGE COMMISSION, Applicant-Appellee,

v.

Edward H. MILLER, Jr.,
Respondent-Appellant.

Nos. 767, 768, Dockets 79–6009, 79–6010.

United States Court of Appeals,
Second Circuit.

Argued Feb. 26, 1979.

Decided March 1, 1979.

Martin Paul Solomon, New York City, for respondents-appellants.

David Ferber, Solicitor to the Commission, Washington, D. C. (Jacob H. Stillman, Associate Gen. Counsel, John M. Mahoney, Asst. Gen. Counsel, Judy L. Chesser, Atty., Securities and Exchange Commission, Washington, D. C., of counsel), for applicant-appellee.

Before FEINBERG, TIMBERS and MESKILL, Circuit Judges.

PER CURIAM:

These are appeals from two orders of the United States District Court for the Southern District of New York, Robert L. Carter, Judge, requiring appellants Benjamin Sprecher and Edward H. Miller, Jr., to testify before the Securities and Exchange Commission and to produce documents in compliance with investigatory subpoenas issued by that agency. Appellants urge that the district court erred in refusing to order the Commission to permit them to tape record their testimony, to furnish them copies of the official transcripts of their testi-

mony and to allow them to correct the official transcripts. Appellants also contend that the district court was without jurisdiction to enforce the subpoenas.

The Commission's investigation concerns possible violations of the antifraud provisions of the federal securities laws by Commonwealth Western Corporation and others. The Commission issued the subpoenas to appellants in late August 1978. They appeared at the Commission's office as ordered, but refused to testify unless permitted to make tape recordings of their testimony. The Commission would not comply with this request and the examinations were adjourned. In late November 1978, the Commission applied to the district court to enforce the subpoenas, and the court issued orders requiring appellants to appear before it to show cause why they should not be ordered to obey the subpoenas. On December 12, Judge Carter heard oral argument on the applications and entered the orders now under review. These appeals followed.

■ Regarding appellants' claim that they have a right to copies of the transcripts of their testimony, Section 6(b) of the Administrative Procedure Act (APA), 5 U.S.C. § 555(c), permits the agency to withhold the transcript of a witness' testimony in a nonpublic investigatory proceeding "for good cause." The Commission's rules provide that after testifying, a witness may request a copy of his testimony, and the Commission will furnish a copy of the transcript unless the Commission determines that there is good cause to deny the request. See Securities and Exchange Commission Rules Relating to Investigations, Rule 6, 17 C.F.R. § 203.6. Thus, the agency has not yet determined whether it will attempt to withhold the transcripts of appellants' testimony. Further, it is obviously impractical for the Commission to determine prior to the testimony of a witness whether there will be "good cause" to withhold a copy of the testimony from that witness, and we do not read the APA as requiring such an advance determination. Therefore, appellants' claims that they are entitled to transcripts of their testimony are not ripe.

■ Appellants' argument that they should be allowed to tape record their testimony must also be rejected. Since a tape recording can be used for the same purposes as a transcript, the right of the agency to withhold a transcript for good cause would be nullified if witnesses had the right to tape that testimony.

■ Appellants assert that they need a tape recording of their testimony because the Commission has been ordered by the United States District Court for the Southern District of Ohio not to use its investigatory powers to obtain discovery in a case pending in that court. Appellants argue that the Commission may attempt to use this investigation to obtain information relating to the Ohio case and that if that should happen appellants could use the tape recording to bring this transgression· to the attention of the district court in Ohio. We do not suggest that the Commission would violate a court order, but if the Commission attempts to question appellants about matters relating to the Ohio case, they will obviously be aware of it and will be able to submit affidavits to that effect to the district court in Ohio. If necessary, that court could then examine the transcripts of appellants' testimony to determine whether the Commission had violated the court's order. Thus, a tape recording is not needed to protect appellants from possible Commission use of this investigation to circumvent the order of the Ohio district court.

■ The claim that appellants are entitled to inspect and correct their testimony is also premature. The agency concedes that appellants have this right and states that it will give them the opportunity to correct their transcripts. We see no reason to assume that the Commission will not comply with its obligations in this respect, and thus we conclude that no ripe controversy exists over this issue.

■■ Appellants also argue that the district court could not order enforcement of the subpoenas in a summary proceeding, without the filing of complaints by the agency. However, Fed.R.Civ.P. 81(a)(3) provides that the rules of civil procedure

(which include the requirement that an action be commenced by the filing of a complaint) "apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States *except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings*" (Emphasis added). We find at least two of the exceptions contained in Rule 81(a)(3) present in this case. Section 22(b) of the Securities Act of 1933, 15 U.S.C. § 77v(b) permits a federal court to order enforcement of a Commission subpoena "upon application by the Commission." We think this provision authorizes summary proceedings to enforce Commission subpoenas and thus the exception for nonapplication of the rules of civil procedure when "provided by statute" is met. Further, with respect to each subpoena the district court issued an order to show cause in response to the Commission's application, and thus the summary proceeding was upon "order of the court in the proceedings." Therefore we conclude that the district court had jurisdiction to enter the orders requiring appellants to comply with the subpoenas.

The orders of the district court are affirmed.